IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Junior Clive McHayle,                 Case No.3:07 CV 612

            Plaintiff,          MEMORANDUM OPINION
                                AND ORDER

    -vs-
                                  JUDGE JACK ZOUHARY

City of Toledo,

            Defendant.

*Pro se* Plaintiff Junior Clive McHayle filed this action under 42 U.S.C. § 1983 against the City of Toledo, Ohio, Larry Kaczala and Jerome German. In the Complaint, McHayle claims his real property was taken without due process. He seeks $160,000 or the return of his property.

**BACKGROUND**

McHayle's brief pleading states: (1) he is currently incarcerated in the Federal Correctional Institution located in Elkton, Ohio ("FCI Elkton"); (2) his property located at 2327 Putnam Street, Toledo, Ohio, 43620 was sold for $5,000 in the early 1990's to pay for delinquent property taxes; (3) he did not discover the sale until he received "some documents" from Larry Kaczala and Jerome German on August 15, 2006; and (4) he was denied due process.

**ANALYSIS**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

Furthermore, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Moreover, an *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

In this case, McHayle provides no facts which reasonably connect any of the defendants to the conduct described in the Complaint. He does not indicate the official position, if any, of Defendants Kaczala and German. In fact there is no indication that they were in any way involved in the taking of his property approximately 17 years ago. The Complaint references that they sent him documents in August 2006 which "revealed" the sale, but does not allege how they were involved in the sale itself. The letter, on its own, does not deny McHayle due process.

Similarly, Section 1983 does not permit a plaintiff to sue a local government entity on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id*. A local government entity violates Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. McHayle's Complaint contains no suggestion of a custom or policy of the City of Toledo which may have violated his constitutional rights.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 19, 2007

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.